**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARA BLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-04-0841-HE |
| | ) |
| CONSOLIDATED INVESTMENTS, | ) |
| INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court are defendants' motion to dismiss [Doc. #45] and plaintiff's motion to substitute trustee [Doc. #64]. The motions have been fully briefed and are at issue.

On June 14, 2004, plaintiff Bly filed a petition for relief under Chapter 7 of the Bankruptcy Code. On July 9, 2004, Bly filed this case alleging, among other things, sexual harassment and wrongful termination against the defendants. Her bankruptcy schedules were never amended to include this case as a potential asset. On January 5, 2005, a final decree was entered in the bankruptcy proceeding. See In re Baxter, No. 04-16411 (Bankr. W.D. Okla. 2004).

Defendants filed their motion to dismiss this case on September 26, 2005, asserting that plaintiff Bly lacks standing to pursue the claims alleged and, alternatively, that she is judicially estopped from asserting the present claims based on her failure to disclose them as an asset in the bankruptcy proceeding. Thereafter, Bly sought and was granted a conditional stay in this matter in order to reopen her bankruptcy case and substitute the bankruptcy trustee as the "real party in interest" in this case. Order of Nov. 4, 2005. Bly's

bankruptcy case was reopened on October 25, 2005, and Janice Loyd was appointed as trustee on November 21, 2005.  Id.

Bly concedes that she lacks standing in this matter as any claims against the defendants are the property of the bankruptcy estate and only the bankruptcy trustee has standing to pursue such claims on behalf of Bly's creditors.  See, e.g., Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004); Clark v. Trailiner Corp., No. 00-5020, 2000 WL 1694299 (10th Cir. Nov. 13, 2000).[1]  However, the court previously granted a request to substitute the bankruptcy trustee as plaintiff in this matter.  Order of Nov. 4, 2005; see Fed. R. Civ. P. 17(a) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.").  As the trustee has standing to pursue the subject claims, the motion to dismiss, insofar as it is based on plaintiff's lack of standing, will be **DENIED**.

Defendants also move to dismiss this case on the basis of judicial estoppel.  Judicial estoppel prevents a party who has assumed and maintained a certain position in one legal proceeding from thereafter assuming a contrary position in a later proceeding, "simply because [the party's] interests have changed."  Johnson v. Lindon City Corp., 405 F.3d 1065,

---

[1] Clark is an unpublished opinion cited for persuasive value only pursuant 10th Cir. R. 36.3(B).

1069 (10th Cir. 2005) (internal quotations omitted). It is "a discretionary remedy courts may invoke 'to prevent improper use of the judicial machinery.'" Id. at 1068 (quoting New Hampshire v. Maine, 532 U.S. 742, 750 (2001)).

Courts typically consider the following factors when determining whether judicial estoppel should be applied in a particular case. First, whether the party asserts a position clearly inconsistent with its earlier position. New Hampshire, 532 U.S. at 750. Second, whether the acceptance of an inconsistent position in the second proceeding creates a perception that either the first or the second court was misled. Id. Finally, whether the party taking an inconsistent position gains an unfair advantage or imposes an unfair detriment on the opposing party. New Hampshire, 532 U.S. at 751.

Bly admits that she failed to disclose the claims giving rise to this case in her bankruptcy petition. Thus, there is no dispute that inconsistent positions were taken in the bankruptcy court and this court.[2] However, Bly argues that her actions were the result of ignorance rather than an attempt to mislead either court. She claims that she did not understand that "Schedule B" required inclusion of pending lawsuits, claims or administrative proceedings since it did not list such claims as part of a bankruptcy petitioner's personal property. She also claims confusion regarding her administrative claim with the Equal Employment Opportunity Commission ("EEOC") which was filed over two years before her bankruptcy petition but never acted upon by the EEOC. Finally, Bly states

---

[2]*Bly was represented by different counsel in the two cases.*

that once she learned she was required to list this case as an asset in the bankruptcy proceedings, she immediately took steps to reopen those proceedings.

Regardless of whether Bly's posture in the present dispute is due to her own ignorance of applicable procedures, which she argues at some points in her brief and supporting affidavit, or whether it is due to careless or inept performance by one or both of her lawyers, as is suggested by other portions of her argument, the court concludes that the application of judicial estoppel would be inappropriate here. That conclusion flows from the absence of facts establishing the third element referenced above. There is no plausible suggestion here that defendants have been prejudiced in some way by the initiation of this suit, albeit by Ms. Bly rather than the proper plaintiff, as the substitution of the proper party avoids any risk of duplicative recovery or other unfair result attributable to that issue. To the contrary, the dismissal of the case based on the misstatements or procedural miscues of plaintiff Bly or her counsel would create a windfall in favor of defendants to the extent of any merit the plaintiff's claims may have. Further, it would be unfair to the person who actually owns the claims (the trustee, on behalf of the creditors of Bly) to bar those claims based on the conduct of someone (Bly) who lacked standing to assert them in the first place. See Parker, 365 F.3d at 1272. Dismissal of the case is not warranted based on the doctrine of judicial estoppel.

It is not altogether clear what plaintiff Bly seeks to accomplish by her current motion to substitute trustee. The court's November 4, 2005, order directed plaintiff Bly to respond to defendants' motion to dismiss by November 18, 2005, and further stated: "By that date, the trustee shall enter an appearance by counsel in this case and shall thereupon be deemed

substituted as the party plaintiff in this case." The November 18 date was later extended to December 8, 2005. Rather than complying with the court's order or seeking a further extension if the entry of appearance could not be accomplished by that date, plaintiff Bly instead filed the current motion seeking leave to substitute parties. To this date, the trustee has still not done the rather simple act contemplated by the November 4, 2005, order — entering an appearance by counsel. While the response to that circumstance suggested by defendants (dismissal of the case) is tempting, substantial justice would not be served by that approach. Rather, the court concludes the appropriate action at this point is to take judicial notice of the Bankruptcy Court's order authorizing the trustee to employ Mr. McCullar as special counsel,[3] strike plaintiff Bly's motion as moot, and re-order the trustee to enter an appearance by counsel, presumably Mr. McCullar, in the hope that repetition will avoid further procedural confusion.[4]

Accordingly, defendants' motion to dismiss is **DENIED**. Plaintiff Bly's motion to substitute parties is **STRICKEN** as **MOOT**. The trustee is again **ORDERED** to enter an appearance by counsel not later than **January 16, 2006**, or the case will be dismissed.

---

[3]*In re Baxter, No. 04-16411 (Bankr. W.D. Okla. 2004) (Order Authorizing Trustee to Employ Special Counsel, December 28, 2005).*

[4]*Given the procedural history of this case, the court has some concern that it may be inequitable to permit special counsel for the trustee to recover a fee based on the fee agreement attached to the trustee's application. That agreement apparently contemplates, in the event of trial, a 50% contingency fee calculated and deducted before deduction for "expenses and liens." However, such concerns are properly addressed in the Bankruptcy Court rather than here.*

5

**IT IS SO ORDERED**.

Dated this 10th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE